## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 174

**LAKE SHORE ELECT. RY. CO. v. HOYER**

Ohio Appeals, 6th Dist., Lucas Co.

No. 1598.  Decided Dec. 28, 1925

301.  CONTRIBUTORY NEGLIGENCE— Where in an action it is manifest from the evidence that negligence of one party must have ceased before negligence of other party commenced, the court need not charge the law of contributory negligence.

480.  EVIDENCE—No directed verdict can be had when a question of fact as to negligence is raised in issue.

616.  HYPOTHETICAL QUESTION—Hypothetical questions, properly propounded, may be submitted to a qualified expert.

PER CURIAM.

Virtie B. Hoyer, administratrix of the estate of her late husband, Thompson Hoyer, brought this action in the Lucas Common Pleas to recover damages for the wrongful death of her husband caused by a collision between his automobile and a baggage car belonging to the Lake Shore Electric Railway Co.

The only ground of negligence set forth in the petition of Hoyer was "that the defendant failed to exercise ordinary care, to stop the car after the collision occurred directly causing decedent's death."

It appears from the evidence presented that Hoyer drove his automobile across the tracks of the defendant Company and that while on the crossing said automobile stopped.  At the point where the collision occurred the motorman of the car should have seen the auto when he was about three hundred feet from said crossing.

An expert witness, after being properly qualified, was permitted to answer a hypothetical question to the effect that under the conditions existing at the time of the collision, said car should have been sopped within 400 ft. of the point at which the brakes were applied. Evidence was introduced to show that the car ran from 700 to 1500 ft. beyond the point of collision, dragging the auto of Hoyer with it; and that Hoyer was thrown from said auto while it was being so dragged, and received injuries from which he died two days later.

The company, at the conclusion of the taking of testimony, filed a motion for a directed verdict, which was overruled by court.  The company then asked the court to charge before argument that "There is no evidence in this case from any eyewitnesses that the collision occurred at the private crossing; that if the braking apparatus on the car was impaired either by the collision or by the motion of the car there could be no liability if the motorman stopped the car within the shortest possible space within which it could have been stopped with the brakes in that condition."

The company also asked for a charge as to the application of the law of contributory negligence to this case.

The court refused to charge as asked, whereupon the company prosecuted error to the Court of Appeals on the grounds, that the court erred in failing to direct a verdict in its favor; that the verdict is manifestly against the weight of the evidence; that the court erred in permitting the expert witness to answer the hypothetical question; that the verdict is excessive; that certain special findings are inconsistent with the general finding; that the court erred in not charging before argument the charges requested by the company; and that the court erred in failing to charge the law as to contributory negligence.  The Court of Appeals held:

1.  In view of the fact that evidence was introduced which tends to show that it was the negligence of the company that caused the death of the decedent, it was an issue of fact for the jury to decide.

2.  The finding of the jury that decedent received the injuries which caused his death some time after the collision is not manifestly against the weight of the evidence.

3.  The testimony of the expert clearly qualifies him to act as such, and as the hypothetical question propounded a similar case under the same conditions, the question was proper and admissible.

4.  In view of the fact that decedent was contributing $3000 annually to his family, and that he was in good health until the time of his death so would probably have continued to contribute that amount, and eight years have elapsed since his death, the award of $25,000 is not excessive.

5.  The special findings of the jury, that the

injuries resulted in death were sustained some time after the collision, that they were sustained about 600 feet from where the motorman first observed decedant; that motorman omitted to reverse power after observing peril of decedant; that, although braking power was impaired by collision, it was not impaired sufficiently to prevent stopping of car, were not inconsistent with the verdict.

6. While a request to charge before argument must be given, such request must correctly state the law pertinent to the issue and cannot be contained in a former part of the charge. The requests here denied were not pertinent to the issue, and such as were, had already been previously charged.

7. Owing to the fact that the entire issue arose over the fact whether or not the injuries sustained were received after the collision or at the collision, and as it is hardly possible to claim that decedant was guilty of negligence as he rode along among the wreckage on the front end of the car, the question of contributory negligence does not enter.

8. In charging to the jury that if the decedant's negligence in getting on the track was the sole cause of the injury, there could be no recovery, the trial court fully covered the matter.

Judgment affirmed.

Attorneys—Tyler, McMahon, & Smith for Lake Shore Elect. Ry. Co.; Stahl & Price for Hoyer; all of Toledo.

Note—This case reported in 104 OS. 467, from where it was remanded for new trial.